Dear Commissioner Terrell and Senator Michot:
We are in receipt of a request for an Attorney General's opinion from both of you on the same subject matter; thus, all questions will be addressed in this opinion. As we understand the facts of the matter, the Lafayette City Parish Home Rule Charter, Section 6-02, requires signatures of only 25% of the registered voters in the area from which an official is elected in order for a recall election to be called, while the Election Code, R.S. 18:1300.2, requires signatures of 33 1/3% of the registered voters. You seek our opinion as to which law is controlling, the Lafayette City Parish Home Rule Charter or the Election Code? Additionally, you seek an opinion as to whether the use of a middle initial, rather than writing out the entire middle name, renders a signature null and void.
The 1974 Louisiana Constitution, Art. X, § 26 provides as follows:
 § 26. Recall
 Section 26. The legislature shall provide by general law for the recall by election of any state, district, parochial, ward, or municipal official except judges of the courts of record. The sole issue at a recall election shall be whether the official shall be recalled. (Emphasis added).
In Attorney General Opinion No. 79-70, where the Tangipahoa Parish Charter Commission considered a home rule charter provision on recall elections to only require 25% registered voters to sign a recall petition rather than the 33 1/3% required by state law, our office stated:
 [T]he constitution mandates that the legislature provide by general law for the recall of elected public officials. It is, therefore, the opinion of this office that a provision in a Home Rule Charter which would establish requisites for the recall of elected officials different from that provided by general law, would be inconsistent with Article X, Section 26
of the 1974 Louisiana Constitution.
The Home Rule Charter for the Lafayette City-Parish Consolidated Government was adopted after the 1974 Louisiana Constitution and thus, is granted the authority to exercise "home rule powers consistently with (the) constitution except when the exercise of such a power is denied by general law." City of New Orleans v.Board of Commissioners of the Orleans Levee District, 93-0690 (La. 7/5/94), 640 So.2d 237, 243. LSA-Const. Art. 6, §§ 4, 5 and 7 (1974).
In sum, it is our opinion that since the constitution mandates that the legislature provide for the recall of public officials in this state, the Lafayette City-Parish Consolidated Government's charter provisions, which provide for the recall of public officials which is inconsistent with the constitution and state general law, must yield.
In response to your question regarding the signature on a recall petition, R.S. 18:1300.1 et seq. and R.S. 18:3 require the signature of the voter who is signing the petition; however, no specific form of a voter's signature is required by law. In Attorney General Opinion No. 91-413, we stated, "[t]he registrar has a duty when certifying a voter's name on a recall petition to first compare the voter's signature on such petition to the voter's signature on the registrar's roll of electors. The registrar should not be required to be an expert in observing signatures, however, it is the opinion of this office that the registrar shall make a reasonable identification of a voter's signature prior to certifying such name on a recall petition." In sum, it seems irrelevant whether or not a person actually signs their middle name or uses their middle initial, as long as the registrar is able to identify that the signature on the recall petition is a reasonable comparison to the voter's registration signature on file in the registrar's office.
We hope this opinion addresses all of the concerns in this matter. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr